UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Seller Hardware, LLC,                                    :

                Plaintiff,                  :

                                  :

            against                      :

                                  :

Ship Hero, LLC,                                          :

              Defendant.                  :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Case No: 1:26-cv-03493

**<u>COMPLAINT FOR PATENT</u>**

**<u>INFRINGEMENT</u>**

1.     Plaintiff Seller Hardware, LLC, ("Plaintiff"), by and through its attorneys, for its Complaint against Ship Hero, LLC, ("Defendant"), alleges as follows:

## **<u>JURISDICTION</u>**

2.     This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 271, *et seq.*

3.     This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     Personal jurisdiction over Defendant is proper in this District because of Defendant's physical presence in New York, Defendant is a New York Domiciliary, by virtue of Defendant's incorporation under the laws of New York, Defendant's principal place of business is located in New York, Defendant formally designated an agent in New York for service of process, Defendant's operation of a commercial business in New York, engaged in the making, offering for sale, and sale of warehouse management products, including the accused infringing product.

## VENUE

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b), because Defendant resides in this judicial District and has committed act of infringement here, where it also maintains a regular and established place of business.

## PARTIES

6.      Plaintiff Seller Hardware, LLC is a limited liability company that was formed under the laws of New Jersey and does business in Cranbury, New Jersey, and offers products covered by its patents nationwide.

7.      Upon information and belief, Defendant Ship Hero, LLC is a limited liability company formed under the laws of New York and does business in Garnerville, New York.

## FACTS

### The Asserted Patent

8.      United States Patent Number 11,988,367 (the "'367 Patent"), entitled *Put Wall Light Integration System, Devices, And Associated Methods*, was duly and legally issued on May 21, 2024, and names GREENBERG, Jeremy as the inventor. Attached as Exhibit "A" is a true and correct copy of the '367 Patent.

9.      Plaintiff is the assignee of the entire right, title, and interest in the '367 Patent including the right to sue for past, present and future infringement.

10.     The '367 Patent claims, among other things, a sorting system comprising a plurality of sorter light boxes, a hub, and a controller. The plurality of sorter light boxes are each configured to be mounted to a respective shelf, and each of the plurality of sorter light boxes are configured to be coupled to another sorter light box of the plurality of sorter light boxes to define a chain of

2

sorter light boxes. The hub is configured to be coupled to a first sorter light box in the chain of sorter light boxes, and the hub is configured to operate as a concentrator of control signals and power for the plurality of sorter light boxes in the chain of sorter light boxes. The controller is configured to be coupled to the hub and generate control signals for the plurality of sorter light boxes.

11.    Upon information and belief, Defendant has unfairly entered the market, offering for sale to the Plaintiff's customers and competitors, put wall light packing and shipping fulfillment products ("Accused Products") embodying the invention protected under the '367 Patent. Screen shots of Defendant's website promoting such products are attached as Exhibit "B" hereto. The target market for Defendant is the same customer profile as that of Plaintiff which includes, but it is not limited to, warehouses that process e-commerce orders.

## COUNT I
## Direct Patent Infringement of the '367 Patent

12.    This Count alleges direct Patent Infringement of the '367 Patent against Defendant, pursuant to 35 U.S.C. § 271(a). Plaintiff repeats and realleges Paragraphs 1-11 above as if fully set forth herein.

13.    Upon information and belief, Defendant has been and is infringing  at least claims 1, 2, 5, 7, 9-12 and 16 of the '367 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the Accused Products, including those sold under the name "Pick-to-Light," embodying the invention protected under the '367 Patent, in violation of 35 U.S.C. § 271(a). "Pick-to-Light" embodies the invention protected under the '367 Patent and includes a hub and sorter lights to be mounted adjacent to an

associated box that is to be positioned on a respective shelf with a controller device that generates control signals for the sorter lights.

14.     On May 20, 2025, Plaintiff provided Defendant with formal notice of the '367 Patent via letter from counsel by certified mail. The letter advised and notified Defendant of the existence of the '367 Patent. A copy of this letter and certified mail receipt is attached as composite Exhibit "C" hereto.

15.     Upon information and belief, Defendant has known of the existence of the '367 Patent, and its acts of infringement have been willful and in disregard for the '367 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Specifically, Defendant was aware of the '367 Patent as evidenced by a conversation between Plaintiff and Defendant via LinkedIn instant messaging attached as composite Exhibit "D" hereto.

16.     Defendant's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

17.     Defendant's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

## COUNT II
### Induced Patent Infringement of the '367 Patent

18.     This Count alleges Induced Patent Infringement of the '367 Patent against Defendant, pursuant to 35 U.S.C. § 271(b). Plaintiff repeats and realleges Paragraphs 1- 17 above as if fully set forth herein.

19.     Upon information and belief, Defendant has been and is inducing infringement of the '367 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import packing and shipping fulfillment products, including those sold under the name "Pick-to-Light" that embodies or uses the invention protected under the '367 Patent, in violation of 35 U.S.C. § 271(b). Specifically, Defendant has been offering for sale to the Plaintiff's customers and competitors, knock-off packing and shipping fulfillment products embodying the invention protected under the '367 Patent along with a product description, instructions, and guide that inform and instruct Defendant's customers of the method, manner, and purpose for which the Accused Product is to be utilized (*see* Exhibit "B," and *see also* Exhibits "E,", "F," and "G" attached hereto).

20.     Defendant's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

**COUNT III**
**Contributory Patent Infringement of the '367 Patent**

21.     This Count alleges Contributory Patent Infringement of the '367 Patent against Defendant, pursuant to 35 U.S.C. § 271 (c). Plaintiff repeats and realleges Paragraphs 1-17 as if fully set forth herein.

22.     Upon information and belief, Defendant has been and is contributing to the infringement of the '367 Patent by selling or offering to sell the Accused Products, including those sold under the name "Pick-to-Light," knowing them to be especially made or especially adapted for practicing the invention of the '367 Patent and not a staple article or commodity of commerce

suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). Specifically, Defendant has been and is continuing to contributorily infringe the '367 Patent by selling or offering to sell the "Pick-to-Light" hub unit and sorter light units, knowing them to be especially made or especially adapted for practicing the invention of the '367 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use (*see* Exhibits "B," "E,", "F," and "G").

23.    Defendant's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment against Defendant and against its respective subsidiaries, successors, parents, affiliates, offices, directors, agents, servants, and employees, and all persons in privity or active concert or participation with Defendant, granting the following relief:

A.    the entry of judgment in favor of Plaintiff and against Defendant for infringement of the '367 Patent that Defendant has infringed, actively induced infringement of, and contributorily infringed the '367 Patent, in violation of 35 U.S.C. § 271(a)-(c);

B.    a preliminary injunction prohibiting further infringement of the '367 Patent by Defendant, its agents, employees, representatives, successors, and assigns and those acting in privity or in concert with them;

6

C.      a permanent injunction prohibiting further infringement of the '367 Patent by Defendant, its agents, employees, representatives, successors, and assigns and those acting in privity or in concert with them;

D.      an award of actual damages against Defendant for damages arising from the infringement of the '367 Patent, including treble damages for willful infringement, pursuant to 35 U.S.C. § 284;

E.      an award of damages against Defendant for pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '367 Patent by Defendant to the day a damages judgment is entered and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

F.      the entry of judgment that this case is exceptional, and award treble damages, attorney fees, and costs of this action, pursuant to 35 U.S.C. §§ 284-285;

G.      in the event a final injunction is not granted, a compulsory ongoing royalty; and

H.      such other relief to which Plaintiff is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:   April 28, 2026

/s/Mark F. Warzecha
WIDERMAN MALEK, PL
Mark F. Warzecha, Esq.
NY Bar No: 2640910
SDNY Bar No.: MW7432
1990 West New Haven Ave.
Second Floor
Melbourne, FL, 32904
Telephone (321) 255-2332
Facsimile (321) 255-2351
Email: MFW@USLegalTeam.com

/s/ Charlene Valdez Warner
BARTON LLP
Charlene Valdez Warner, Esq.
NY and SDNY Bar No: 4918256
711 Third Ave., 14th Floor
New York, NY 10017
Telephone (212) 687-6262
Email: cwarner@bartonesq.com

*Attorneys for Plaintiff Seller Hardware, LLC*