

PLEASE REPLY TO:
Melbourne Office
1990 W. New Haven Ave.
Second Floor
Melbourne, FL 32904
321.255.2332

August 7, 2026

**VIA ECF**

Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**    ***Seller Hardware, LLC, v. Ship Hero, LLC***, **No. 1:26-cv-03493 (GHW)**

Dear Judge Woods:

Pursuant to Rule 3(D) of Your Honor's Individual Rules of Practice in Civil Cases as well as this Court's Order dated August 6, 2026 (ECF. No. 25), attached hereto is a legal blackline showing changes between Plaintiff's Amended Complaint (ECF No. 24) and the original Complaint (ECF No. 1).

Respectfully submitted,

*/s/Mark F. Warzecha*
WIDERMAN MALEK, PL
Mark F. Warzecha, Esq.
1990 West New Haven Ave, 2nd Floor
Melbourne, FL, 32904
Telephone: (321) 255-2332
Facsimile: (321) 255-2351
MFW@USLegalTeam.com

*/s/ Charlene Valdez Warner*
BARTON LLP
Charlene Valdez Warner, Esq.
711 Third Ave, 14th Floor
New York, NY 10017
Telephone:(212) 687-6262
Facsimile: (212) 687-3667
cwarner@bartonesq.com

*Attorneys for Plaintiff Seller Hardware, LLC*



MELBOURNE, FL

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – X

Seller Hardware, LLC,                       :        Case No: 1:26-cv-03493-GHW

              Plaintiff,           :

                           :

        against               :        **AMENDED COMPLAINT FOR PATENT**

                           :        **PATENT INFRINGEMENT**

Ship Hero, LLC,                             :

              Defendant.         :

– – – – – – – – – – – – – – – – – – – – – – – – – – – X

1.     Plaintiff Seller Hardware, LLC, ("Plaintiff"), by and through its attorneys, for its Amended Complaint against Ship Hero, LLC, ("Defendant"), alleges as follows:

**JURISDICTION**

2.     This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 271, *et seq*.

3.     This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     Personal jurisdiction over Defendant is proper in this District because of Defendant's physical presence in New York, Defendant is a New York Domiciliary, by virtue of Defendant's incorporation under the laws of New York, Defendant's principal place of business is located in New York, Defendant formally designated an agent in New York for service of process, Defendant's operation of a commercial business in New York, engaged in the making, offering for sale, and sale of warehouse management products, including the accused infringing product.

**VENUE**

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b), because Defendant resides in this judicial District and has committed act of infringement here, where it also maintains a regular and established place of business.

**PARTIES**

6.      Plaintiff Seller Hardware, LLC is a limited liability company that was formed under the laws of New Jersey and does business in Cranbury, New Jersey, and offers products covered by its patents nationwide.

7.      Upon information and belief, Defendant Ship Hero, LLC is a limited liability company formed under the laws of New York and does business in Garnerville, New York.

**FACTS**

The Asserted Patent

8.      United States Patent Number 11,988,367 (the "'367 Patent"), entitled *Put Wall Light Integration System, Devices, And Associated Methods*, was duly and legally issued on May 21, 2024, and names GREENBERG, Jeremy as the inventor. Attached as Exhibit "A" is a true and correct copy of the '367 Patent.

9.      Plaintiff is the assignee of the entire right, title, and interest in the '367 Patent including the right to sue for past, present and future infringement.

10.     The '367 Patent claims, among other things, a sorting system comprising a plurality of sorter light boxes, a hub, and a controller. The plurality of sorter light boxes are each configured to be mounted to a respective shelf, and each of the plurality of sorter light boxes are configured to be coupled to another sorter light box of the plurality of sorter light boxes to define a chain of

2

sorter light boxes. The hub is configured to be coupled to a first sorter light box in the chain of sorter light boxes, and the hub is configured to operate as a concentrator of control signals and power for the plurality of sorter light boxes in the chain of sorter light boxes. The controllerDefendant instructs third parties to purchase and install hardware that acts as the controller which is configured to be coupled to the hub and generate control signals for the plurality of sorter light boxes.

11.1.  Upon information and belief, Defendant has unfairly entered the market, offering for sale to the Plaintiff's customers and competitors, put wall light packing and shipping fulfillment products including those sold under the name "Pick-to-Light," ("Accused Products") embodying the invention protected under the '367 Patent. Screen shots of Defendant's website promoting such products are attached as Exhibit "B" hereto. The target market for Defendant is the same customer profile as that of Plaintiff which includes, but it is not limited to, warehouses that process e-commerce orders.

**COUNT I**
**Direct Patent Infringement of the '367 Patent**

12.    This Count alleges direct Patent Infringement of the '367 Patent against Defendant, pursuant to 35 U.S.C. § 271(a). Plaintiff repeats and realleges Paragraphs 1-11 above as if fully set forth herein.

13.11.  Upon information and belief, Defendant has been and is infringing  at least claims 1, 2, 5, 7, 9-12 and 16 of the '367 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the Accused Products, including those sold under the name "Pick-to-Light," embodying the invention protected under the '367 Patent, in violation of 35 U.S.C. § 271(ab)-(c). "Pick-to-Light" embodies the

invention protected under the '367 Patent and includes a hub and sorter lights to be mounted adjacent to an associated box that is to be positioned on a respective shelf ~~with a controller device~~ that generates control signals for the sorter lights. The Accused Products include each and every component protected by the '367 Patent except the controller device, embodying the invention protected under the '367 Patent.

12.     Attached to this Amended Complaint as Exhibit "B" is a representative chart that, on information and belief, describes how, as a non-limiting example, the elements of at least claim 1 of the '367 Patent are met by the Accused Products.

13.     Screen captures of Defendant's website promoting such products are attached as Exhibit "C" hereto. The target market for Defendant is the same customer profile as that of Plaintiff which includes, but it is not limited to, warehouses that process e-commerce orders.

14.     On May 20, 2025, Plaintiff provided Defendant with formal notice of the '367 Patent via letter from counsel by certified mail. The letter advised and notified Defendant of the existence of the '367 Patent. A copy of this letter and certified mail receipt is attached as composite Exhibit "~~C~~D" hereto.

15.     Upon information and belief, Defendant has known of the existence of the '367 Patent, and its acts of infringement have been willful and in disregard for the '367 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Specifically, Defendant was aware of the '367 Patent as evidenced by Plaintiff's letter to Defendant dated May 20, 2025 and a conversation between Plaintiff and Defendant via LinkedIn instant messaging attached as composite Exhibit "~~D~~E" hereto. See also Exhibit "D".

4

16.     Defendant's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

17.     Defendant's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

**COUNT <s>III</s>II**
**<s>Induced Patent</s> Infringement of the '367 Patent**

<s>18.</s>16. This Count alleges <s>Induced Patent Infringement</s> induced and contributory infringement of the '367 Patent against Defendant, pursuant to 35 U.S.C. § 271(b<u>) and (c</u>). Plaintiff repeats and realleges Paragraphs 1- <s>17</s>15 above as if fully set forth herein.

17.     <s>Upon</s>On information and belief, Defendant has <s>been and is inducing</s>committed <u>induced</u> infringement of <u>at least claim 1 of </u>the '367 Patent <s>by actively</s>and has committed <u>contributory infringement in this district</u> and <s>knowingly inducing others</s>elsewhere in the United States, by instructing its customers and other third parties to include the hardware and software necessary for its customers and other third parties to make, <s>use, </s>sell, <s>offer for </s>or use the Accused Products.

18.     On information and belief, despite knowledge of the '367 Patent as early as 2025, Defendant encouraged, instructed, enabled, and otherwise caused its customers, and other third parties to make, use or sell the Accused Products in a manner which infringed at least claim 1 of the '367 Patent. Defendant received revenue from the provision of, sale<s>, or import packing and shipping fulfillment products </s>and use of the Accused Products. See Exhibit "F". Defendant has

5

specifically intended its customers, and other third parties to use the Accused Products in such a way that infringed at least claim 1 of the '367 Patent, at a minimum, by instructing its customers and other third parties to include the necessary hardware to act as the controller of the Accused Products and providing the necessary software for inclusion on the hardware to operate the Accused Products.  Defendant instructs its customers, and other third parties on how to use the Accused Products in an infringing manner, at least through information available on Defendant's website, including those sold under the name "Pick-to-Light" that embodies or uses the invention protected under the '367 Patent, in violation of 35 U.S.but not limited to instructional videos and installation and operational tutorials. See Exhibits C. § 271(b). Specifically, Defendant has been offering for sale to the Plaintiff's customers and competitors, knock-off packing and shipping fulfillment products embodying the invention protected under the '367 Patent along with a product description, instructions, and guide and G-H.

19.    On information and belief, Defendant knew that informits actions, including, but not limited to any of the Accused Products, would induce and have induced infringement by its customers, and other third parties by Defendant continuing to sell, and support the Accused Products and instruct Defendant's customers ofthem on including the method, manner,necessary hardware and purposeproviding operating software for which the Accused Product is to be utilized (see Exhibit "B," and see also Exhibits "E,", "F," and "G" attached hereto).Products. Id.

20.    On information and belief, Defendant has contributed to the infringement of at least claim 1 of the '367 Patent by its customers, and other third parties. Acts by Defendant that contributed to the infringement by these customers, and other third parties include instructing the end user to include the necessary hardware and providing the software to enable the function of the Accused Products. The Accused Products, without the additional hardware and operating

6

software, had no substantial non-infringing uses. On information and belief, Defendant knew or should have known that such activities contributed to its customers, and other third parties' infringement of at least claim 1 of the '367 Patent by the Accused Products.

21.     At least as early as 2025, Defendant knew of the '367 Patent and performed acts that it knew, or should have known, induced and/or contributed to the direct infringement of at least claim 1 of the '367 Patent by its customers and other third parties. See Exhibits "D" and "E".

22.     Defendant undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed at least claim 1 of the '367 Patent, which were duly issued by the USPTO and are presumed valid under 35 U.S.C. §282(a). See Exhibit "A". For example, since at least as early as 2025, Defendant has been aware of an objectively high likelihood that its actions constituted infringement of at least claim 1 of the '367 Patent and that the '367 Patent was valid. See Exhibits "D" and "E".

23.     On information and belief, Defendant could not reasonably, subjectively have believed that its actions did not constitute infringement of at least claim 1 of the '367 Patent. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constituted infringement, Defendant continued its infringing activities. As such, Defendant has willfully infringed at least claim 1 of the '367 Patent.

24.     Defendant's ~~acts of infringement~~aforesaid activities have ~~occurred, are occurring and will continue to occur~~been without ~~the~~ authority and/or license ~~of~~from Plaintiff. ~~These infringing acts have caused, are causing and will continue to cause injury to~~

~~20.~~25.  Plaintiff~~, including irreparable injury and~~ is entitled to recover from Defendant the damages~~, unless and until Defendant is enjoined from doing so~~ sustained by Plaintiff as a result of

Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court. under 35 U.S.C. § 284 and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285

**COUNT III**
**Contributory Patent Infringement of the '367 Patent**

21. This Count alleges Contributory Patent Infringement of the '367 Patent against Defendant, pursuant to 35 U.S.C. § 271 (c). Plaintiff repeats and realleges Paragraphs 1-17 as if fully set forth herein.

22. Upon information and belief, Defendant has been and is contributing to the infringement of the '367 Patent by selling or offering to sell the Accused Products, including those sold under the name "Pick-to-Light," knowing them to be especially made or especially adapted for practicing the invention of the '367 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). Specifically, Defendant has been and is continuing to contributorily infringe the '367 Patent by selling or offering to sell the "Pick-to-Light" hub unit and sorter light units, knowing them to be especially made or especially adapted for practicing the invention of the '367 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use (see Exhibits "B," "E,", "F," and "G").

23. Defendant's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment against Defendant and against its respective subsidiaries, successors, parents, affiliates, offices, directors, agents, servants, and employees, and all persons in privity or active concert or participation with Defendant, granting the following relief:

A.    the entry of judgment in favor of Plaintiff and against Defendant for infringement of the '367 Patent that Defendant has infringed, actively induced infringement of, and contributorily infringed the '367 Patent, in violation of 35 U.S.C. § 271(ab)-(c);

B.    a preliminary injunction prohibiting further infringement of the '367 Patent by Defendant, its agents, employees, representatives, successors, and assigns and those acting in privity or in concert with them;

C.    a permanent injunction prohibiting further infringement of the '367 Patent by Defendant, its agents, employees, representatives, successors, and assigns and those acting in privity or in concert with them;

D.    an award of actual damages against Defendant for damages arising from the infringement of the '367 Patent, including treble damages for willful infringement, pursuant to 35 U.S.C. § 284;

E.    an award of damages against Defendant for pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '367 Patent by Defendant to the day a damages judgment is entered and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

9

F.    the entry of judgment that this case is exceptional, and award treble damages, attorney fees, and costs of this action, pursuant to 35 U.S.C. §§ 284-285;

G.    in the event a final injunction is not granted, a compulsory ongoing royalty; and

H.    such other relief to which Plaintiff is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

10

Respectfully submitted,

Dated:   August 7, 2026

*/Mark F. Warzecha/*
WIDERMAN MALEK, PL
Mark F. Warzecha, Esq.
NY Bar No: 2640910
SDNY Bar No.: MW7432
1990 West New Haven Ave.
Second Floor
Melbourne, FL, 32904
Telephone (321) 255-2332
Facsimile (321) 255-2351
Email: MFW@USLegalTeam.com
Attorney for Plaintiff

*/s/ Charlene Valdez Warner*
BARTON LLP
Charlene Valdez Warner, Esq.
NY Bar No: 4918256
711 Third Ave., 14th Floor
New York, NY 10017
Telephone (212) 687-6262
Email: cwarner@bartonesq.com
Attorney for Plaintiff

11