DLA PIPER

**DLA Piper LLP (US)**
1900 N Pearl St
Suite 2200
Dallas, Texas 75201-4692
www.dlapiper.com

Matthew N. Ganas
matt.ganas@us.dlapiper.com
T 214.743.4549
F 972.813.6249

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/2026

**MEMORANDUM ENDORSED**

August 26, 2026
*VIA ECF*

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl St., Room 2260
New York, New York 10007

**Re: *Seller Hardware, LLC v. Ship Hero, LLC,* Case No. 1:26-cv-03493-GHW (S.D.N.Y.)**

Dear Judge Woods:

Pursuant to Rule 2(E) of Your Honor's Individual Rules of Practice in Civil Cases, we write on behalf of Defendant Ship Hero, LLC ("Ship Hero") to respectfully request a pre-motion conference for its anticipated Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff Seller Hardware, LLC's ("Plaintiff") First Amended Complaint ("FAC") (Dkt. 24) for failure to state a claim. Plaintiff does not consent to Ship Hero's request. As set forth below, the FAC fails to cure the pleading deficiencies identified in Ship Hero's prior Motion to Dismiss (Dkt. 22, 23), and Plaintiff's amended allegations fare no better than the baseless infringement theory that Plaintiff advanced at the first pre-motion conference. Ship Hero further requests that the Court continue the to stay discovery pending resolution of its anticipated Motion to Dismiss the FAC. *See* Dkt. 21.

## I. Background and Procedural History.

On April 28, 2026, Plaintiff filed the original Complaint alleging direct, induced, contributory, and willful infringement of U.S. Patent No. 11,988,367 ("'367 Patent"). Dkt. 1. The '367 Patent claims a "sorting system" comprised of various components, including "a plurality of sorter light boxes," "a hub," and "a controller." Dkt. 1-1, Compl. Ex. A ('367 Patent) at Claim 1.

Ship Hero filed a pre-motion letter on June 18, 2026, seeking leave to file a motion to dismiss on multiple grounds. Dkt. 14. For instance, Plaintiff's Complaint failed to state a claim for direct infringement, because it lacked any plausible allegation that Ship Hero's accused Pick-to-Light product includes the claimed "controller configured to be coupled to the hub and generate control signals…". *See id.* at 2. Plaintiff's response letter argued that Ship Hero's "mobile app and Shield hub are used together as the control path generating and relaying the control signals," even though Plaintiff made no such allegation in the Complaint. Dkt. 18 at 2.

This Court held a pre-motion conference on June 26, 2026. At the conference, Ship Hero's counsel explained that Plaintiff's infringement theory, offered for the first time in its pre-motion

response letter, did not pass Rule 12 muster. Hr'g Tr. (6/26/26) at 5:25-12:11. Specifically, the '367 Patent's claims and specification directly contradict Plaintiff's contention that the Ship Hero mobile app comprises the claimed "controller," because the patent defines the "controller" as hardware and describes mobile application software as a separate and distinct system component. *Id.* at 9:8-11:12. Plaintiff's counsel could not identify any support in the patent or the pleadings for Plaintiff's infringement theory, because there is none. *Id.* at 16:13-22:22. This Court permitted Ship Hero to file its Motion to Dismiss and stayed discovery pending its resolution. Dkt. 21.

Ship Hero filed its Motion to Dismiss on July 14, 2026. Dkt. 22, 23. Among other things, Ship Hero argued that any amendment advancing Plaintiff's "mobile app as the controller" infringement theory would be futile because it contradicts the '367 Patent's intrinsic record. Dkt. 23 at 12-15. Ship Hero also argued that Plaintiff failed to state a plausible claim for pre-suit indirect and willful infringement, because the Complaint lacked any factual allegations to support an inference that Ship Hero had pre-suit knowledge of its alleged infringement. *Id*. at 10-12.

In response to Ship Hero's Motion, Plaintiff filed the FAC on August 5, 2026. Dkt. 24; *see also* Dkt. 26 (redlined FAC). Plaintiff abandoned its direct infringement claim, conceding that the accused Pick-to-Light product does not include the claimed "controller" component. Dkt. 24 ¶ 11. Thus, the FAC only asserts indirect infringement against Ship Hero, alleging that Pick-to-Light product users are directly infringing the '367 Patent. *Id.* ¶¶ 10, 16. The FAC also adds Exhibit B, a claim chart purporting to map Claim 1 to the accused Pick-to-Light product features. Dkt. 24-2. Plaintiff has pivoted from the "mobile app as the controller" infringement theory advanced at the first pre-motion conference. Plaintiff now identifies the claimed "controller" as a third-party "iOS device (iPad or iPhone) with the latest ShipHero app installed." Dkt. 24-2 at 2. As detailed below, this new theory likewise is directly contradicted by the '367 Patent and cannot support a plausible infringement claim. Moreover, the FAC's pre-suit willful and indirect infringement allegations remain materially unchanged from those in the original Complaint, which Ship Hero has already moved to dismiss. *See, e.g.,* Dkt. 24 ¶¶ 14, 15; Dkt. 26 (redlined FAC).

## II. The FAC Fails To Plausibly Allege Direct Infringement by Pick-to-Light Users.

Because the FAC now asserts only indirect (induced and contributory) infringement under 35 U.S.C. §§ 271(b) and (c), Plaintiff must plausibly allege an underlying act of direct infringement by a third party. *In re Bill of Lading*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("[T]here can be no inducement or contributory infringement without an underlying act of direct infringement.") (citation omitted). The FAC cannot satisfy this requirement because its identification of the "controller" element, *see* Dkt. 24-2 (FAC, Ex. B) at 2, is directly contradicted by the '367 Patent.

Plaintiff's claim chart identifies the claimed "controller configured to be coupled to the hub and generate control signals for the plurality of sorter light boxes" as "an iOS device (iPad or iPhone) with the latest ShipHero app installed." FAC, Ex. B at 2. But the claimed "controller" must be something other than a handheld or mobile device running a mobile application. As Ship Hero explained in its prior Motion (Dkt. 23 at 13), the '367 Patent unambiguously defines the "controller" as "a computer (e.g. PC running Microsoft Windows and the Skublox Hub Application)," and as one of "four hardware devices" of the system. '367 Patent, at 4:54–58, 6:38-41. The patent *separately* describes and claims "a mobile application software that is run on a handheld or mobile device MD." *Id.* at 6:37-38; *see id.* at Claim 6.

The patent makes clear that the "controller" and "handheld or mobile device MD" are separate components that perform distinct functions. The "controller" is configured to "generate the control signals for the sorter light boxes," based on "commands received via the externally coupled network and sorter scans from a handheld or mobile device MD coupled thereto." *Id.* at 6:15-22, 2:52-58, Fig. 2. Thus, the mobile device emits commands to the controller; the controller, in turn, generates control signals based on such commands. The claims confirm this distinction. Dependent Claim 5 recites that "the controller is configured to generate the control signals for the plurality of sorter light boxes based upon commands received via an externally coupled network and sorter scans from a handheld device coupled thereto." *Id.*, Claim 5. Dependent Claim 6 further specifies, "the handheld device includes a mobile application to emit the commands based upon the sorter scans by the handheld device." *Id.*, Claim 6. The Federal Circuit has long held that "[w]hen different words or phrases are used in separate claims, a difference in meaning is presumed." *Nystrom v. TREX Co.*, 424 F.3d 1136, 1143 (Fed. Cir. 2005). The "controller" cannot be the "handheld device" when related claims recite both terms as distinct components.

Plaintiff's theory that an "iPad or iPhone" mobile/handheld device running the ShipHero mobile app *is* the "controller" thus directly contradicts the intrinsic record. *See* '367 Patent, at 4:35-47 (describing "smartphones," "tablet computers," and "iPads" as mobile/handheld devices). This Court need not accept as true allegations that contradict the patent claims and specification. *See Secured Mail Sols. LLC v. Univ. Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017). And "a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021).

This Court's decision in *AK Meeting IP, LLC v. Epic Games, Inc.*, 2025 WL 1865953 (S.D.N.Y. July 7, 2025), is directly on point. There, this Court dismissed a patent complaint and denied leave to amend where Plaintiff's amended theory of infringement contradicted the asserted patent, and "utterly contradict[ed] the theory of infringement Plaintiff advanced in its prior complaint." *Id.* at *1, 7. The same is true here: Plaintiff's original Complaint failed to identify any controller at all; its first pre-motion response letter argued Ship Hero's mobile app and Shield hub together function as the controller; and the FAC now asserts that a third-party handheld device running the Ship Hero mobile app is the controller. Each successive theory contradicts the last and the '367 Patent itself. Because Plaintiff cannot plausibly allege that any third-party user directly infringes, the FAC's induced and contributory infringement claims necessarily fail.

## III. Plaintiff's Pre-Suit Willful and Indirect Infringement Claims Must be Dismissed.

The FAC's allegations of pre-suit willful and indirect infringement are materially unchanged from the first Complaint. Ship Hero briefed these deficiencies in its prior Motion to Dismiss and respectfully refers the Court to that briefing. Dkt. 23 at 10-12. In short, Plaintiff's sole allegation of pre-suit knowledge of the '367 Patent rests on a May 20, 2025 letter that merely identified the patent and invited licensing discussions, but did not charge Ship Hero with alleged infringement. FAC ¶ 14, Ex. D. And the 2022 LinkedIn messages attached to the FAC predate the patent's issuance by two years. *Id.* ¶ 15, Ex. E. These allegations cannot support a plausible inference that Ship Hero had pre-suit knowledge of its alleged *infringement*. *See Railware, Inc. v. Nat'l R.R. Passenger Corp.*, 2023 WL 5432860, at *12 (S.D.N.Y. Aug. 23, 2023). The FAC's pre-suit willful and indirect infringement claims therefore should be dismissed for the same reasons argued in Ship Hero's first Motion to Dismiss. Dkt. 23 at 10-12.

Respectfully Submitted,

/s/ *Matthew N. Ganas*
Matthew N. Ganas
Erik R. Fuehrer
**DLA Piper LLP (US)**

***Attorneys for Defendant***
***Ship Hero, LLC***

cc: All Counsel of Record (via ECF)

Defendant's request for leave to file a motion to dismiss the first amended complaint is granted. The deadline for Defendant to file and serve its motion to dismiss is October 2, 2026. Plaintiff's opposition is due within twenty-one days after service of Defendant's motion; Defendant's reply, if any, is due within fourteen days after service of Plaintiff's opposition. Discovery in this case is stayed pending the resolution of Defendant's anticipated motion to dismiss. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 27.

SO ORDERED.

Dated: August 26, 2026
New York, New York

GREGORY H. WOODS
United States District Judge