**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Seller Hardware, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>Ship Hero, LLC,<br><br>Defendant. | : | CASE NO. 1:26-cv-03493-GHW |

**DEFENDANT SHIP HERO, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT. .... 1

II. THE FAC FAILS TO PLAUSIBLY IDENTIFY THE CLAIMED "CONTROLLER." ... 1

III. DISMISSAL DOES NOT REQUIRE PREMATURE CLAIM CONSTRUCTION. ........ 4

IV. GENERIC "E.G." AND "COMPRISING" LANGUAGE DOES NOT JUSTIFY COLLAPSING TWO SEPARATELY RECITED CLAIM ELEMENTS INTO ONE...... 6

V. PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS FAIL FOR LACK OF A PLAUSIBLE DIRECT INFRINGER. .... 8

VI. THE MAY 20, 2025, LETTER DID NOT PROVIDE NOTICE OF INFRINGEMENT. . 8

VII. DISMISSAL SHOULD BE WITH PREJUDICE BECAUSE THE FUNDAMENTAL DEFECT CANNOT BE CURED. .... 9

VIII. CONCLUSION .... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AK Meeting IP, LLC v. Epic Games, Inc.*,
No. 1:23-cv-8214-GHW, 2025 WL 1865953 (S.D.N.Y. July 7, 2025)..........................4, 8, 10

*ALD Soc., LLC v. Verkada, Inc.*,
654 F. Supp. 3d 972 (N.D. Cal. 2023) ........................................................................4

*AlexSam, Inc. v. Aetna, Inc.*,
119 F.4th 27 (Fed. Cir. 2024) ...................................................................................4, 6

*Becton, Dickinson & Co. v. Tyco Healthcare Grp. LP*,
616 F.3d 1249 (Fed. Cir. 2010)......................................................................................3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)......................................................................................8

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ...................................................................................2, 4, 6

*Carson Optical Inc. v. eBay Inc.*,
202 F. Supp. 3d 247 (E.D.N.Y. 2016) ..........................................................................9

*CollegeNet, Inc. v. ApplyYourself, Inc.*,
418 F.3d 1225 (Fed. Cir. 2005)......................................................................................8

*Cont'l Circuits LLC v. Intel Corp.*,
915 F.3d 788 (Fed. Cir. 2019)........................................................................................6

*DietGoal Innovations LLC v. Bravo Media LLC*,
33 F. Supp. 3d 271 (S.D.N.Y. 2014), *aff'd*, 599 F. App'x 956 (Fed. Cir. 2015)........................4

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
888 F.3d 1256 (Fed. Cir. 2018)......................................................................................6

*Garay v. Novartis Pharms. Corp.*,
576 F. App'x 24 (2d Cir. 2014) .......................................................................................9

*Gaus v. Conair Corp.*,
363 F.3d 1284 (Fed. Cir. 2004)......................................................................................4

*Loyal-T Sys. LLC v. Am. Express Co.*,
No. 24-cv-7506, 2026 WL 1949508 (S.D.N.Y. July 6, 2026)...............................................10

*Mobile Acuity Ltd. v. Blippar Ltd.*,
110 F.4th 1280 (Fed. Cir. 2024) ....................................................................................10

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018)........................................................................................5

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) (en banc)........................................................................3

*Railware, Inc. v. Nat'l R.R. Passenger Corp.*,
No. 22 Civ. 5013 (KPF), 2023 WL 5432860 (S.D.N.Y. Aug. 23, 2023) ..............................9

*Realtime Tracker, Inc. v. RELX, Inc.*,
659 F. Supp. 3d 384 (S.D.N.Y. 2023)................................................................................4

*Richardson v. Adobe, Inc.*,
No. 22 Civ. 7114 (PGG), 2024 WL 4135347 (S.D.N.Y. Sept. 10, 2024) ..............................9

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
873 F.3d 905 (Fed. Cir. 2017)..........................................................................................2

*Signify North America Corp. v. Axis Lighting Inc.*,
No. 19cv5516 (DLC), 2020 WL 2079844 (S.D.N.Y. Apr. 30, 2020) ....................................9

*Sonos, Inc. v. Google LLC*,
591 F. Supp. 3d 638 (N.D. Cal. 2022) ..............................................................................9

*Thorner v. Sony Comput. Ent. Am. LLC*,
669 F.3d 1362 (Fed. Cir. 2012).........................................................................................6

*UTTO Inc. v. Metrotech Corp.*,
119 F.4th 984 (Fed. Cir. 2024) .........................................................................................5

*Weisner v. Google LLC*,
No. 20 Civ. 2862 (AKH), 2021 WL 6424921 (S.D.N.Y. Jan. 4, 2021) ................................3

**Other Authorities**

Rule 12(b)(6).....................................................................................................................5

Defendant Ship Hero, LLC ("Ship Hero") submits this reply in further support of its Motion to Dismiss the First Amended Complaint ("FAC") of Plaintiff Seller Hardware, LLC ("Plaintiff"). Dkt. 30 ("Mot."); Dkt. 31 ("Opp.").

## I. PRELIMINARY STATEMENT.

Plaintiff's Opposition does not, and cannot, cure the fact that Plaintiff's FAC fails to plead a plausible claim for patent infringement. Plaintiff dedicates much of its Opposition to addressing arguments that Ship Hero does not make in its Motion. Ship Hero does not contend, for example, that Claim 1 requires a "handheld device" or that dependent Claims 5 and 6 should be read into Claim 1. Rather, Ship Hero argues that the FAC advances an infringement theory that the '367 Patent's unambiguous claim language and specification flatly contradict. Specifically, Plaintiff's claim chart attached to the FAC identifies the claimed "controller" as "an iOS device (iPad or iPhone) with the latest ShipHero app installed," which the operator can use to "[s]can the item." FAC, Ex. B at 3. The '367 Patent expressly assigns this role to a distinct component and separately recited claim element, namely, the "handheld device," which is coupled to the controller and runs a mobile application to emit commands based upon sorter scans by the handheld device. '367 Patent, Claims 5–6; *id.* at 2:52-58, 6:15-22. Plaintiff's Opposition similarly does nothing to save the FAC's materially unchanged pre-suit indirect and willful infringement claims, which remain implausible. Because Plaintiff's infringement allegations contradict the patent itself, and no further amendment can cure that defect, the Court should dismiss the FAC with prejudice.

## II. THE FAC FAILS TO PLAUSIBLY IDENTIFY THE CLAIMED "CONTROLLER."

Ship Hero does not seek to import the handheld-device limitation into Claim 1. Opp. at 6. Rather, the FAC's allegations that a mobile iOS device running a mobile software application and used to scan items is the controller "are actually inconsistent with and contradict

infringement," *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021), and the Court therefore need not accept them as true, *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017).

The FAC concedes that Ship Hero's Pick-to-Light product lacks the claimed system's "controller" component. FAC ¶ 11. Thus, Plaintiff has confined its claim to indirect patent infringement. The FAC's claim chart points to a third-party mobile device as purportedly satisfying the "controller" element: an "iOS device (iPad or iPhone) with the latest Ship Hero app installed," which can be used to scan items. FAC, Ex. B at 3. However, the '367 Patent consistently assigns those functions to a component distinct from the controller, *i.e.*, the mobile device (MD) or handheld device. *See* '367 Patent, Claims 5, 6, 12, 19, 20; *id.* at Col. 2:52-58, Col. 4:35-41, Col. 5:33-34, Col. 6:15-23, Col. 6:34-38.

As Ship Hero's Motion explains, Claim 1 recites "a controller configured to be coupled to the hub and generate control signals for the sorter light boxes." '367 Patent, Claim 1. Claim 5 requires "the controller" to generate those signals based on "sorter scans from a handheld device coupled thereto," and Claim 6 adds that "the handheld device includes a mobile application to emit the commands based upon the sorter scans by the handheld device." *Id.*, Claims 5–6. Claims 12, 19, and 20 repeat the same basic architecture. *Id.*, Claims 12, 19, 20. Throughout the claims and specification, the handheld device performs the sorter scans and runs the mobile application to emit commands based on those scans, while the controller receives sorter scans and commands from the handheld device and generates control signals. *Id.*, Claims 5, 6, 12, 19, 20; *id.* at 2:52-58, 4:35-41, 5:33-34, 6:15-23, 6:34-38. Nothing in the intrinsic record supports treating a mobile iOS device (iPad or iPhone) that runs a mobile app to emit commands based on sorter scans as the claimed controller. By the '367 Patent's own terms, the distinct mobile or

handheld device performs those functions. Plaintiff's allegations, which identify a mobile iOS device (iPad or iPhone) running the Ship Hero mobile app as the claimed controller, therefore fail to state a plausible infringement claim. *See Weisner v. Google LLC*, No. 20 Civ. 2862 (AKH), 2021 WL 6424921, at *1 (S.D.N.Y. Jan. 4, 2021) ("[T]he Complaint must plausibly allege that the accused product practices each of the limitations found in at least one asserted claim.") (internal quotations and citation omitted).

Contrary to Plaintiff's assertion, the Motion does not run afoul of claim differentiation. Claim differentiation creates "a presumption that the limitation in question is not present in the independent claim." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314–15 (Fed. Cir. 2005) (en banc); *see* Opp. at 1–2, 5–6. Ship Hero agrees that Claim 1 does not require the elements of dependent Claims 5 and 6 and acknowledges that a system with no handheld device at all may still satisfy Claim 1. Plaintiff's cases rejecting efforts to narrow an independent claim by importing a dependent-claim feature—*InterDigital*, *SunRace*, and *GE Lighting*—are therefore inapposite. Opp. at 5–6.

That the FAC does not expressly assert dependent Claims 5 and 6 is of no moment. Because "claim terms are normally used consistently throughout the patent," other claims, "both asserted and unasserted," inform a term's meaning. *Phillips*, 415 F.3d at 1314. The "controller" of Claim 1 is the same controller to which Claim 5 couples a handheld device, and separately listed claim elements are presumptively distinct components. *See Becton, Dickinson & Co. v. Tyco Healthcare Grp. LP*, 616 F.3d 1249, 1254 (Fed. Cir. 2010) (where claim elements are listed separately, "'the clear implication of the claim language' is that those elements are 'distinct component[s]' of the patented invention") (quoting *Gaus v. Conair Corp.*, 363 F.3d 1284, 1288 (Fed. Cir. 2004)). The point is not that Claim 1 must include an unrecited dependent-claim

limitation; it is that the ’367 Patent does not permit treating the accused mobile iOS device running the Ship Hero mobile app as the controller.

## III. DISMISSAL DOES NOT REQUIRE PREMATURE CLAIM CONSTRUCTION.

The Court need not construe “controller” to resolve this Motion, because under any plausible reading of that term, the FAC identifies nothing in the accused Pick-to-Light system that meets it. “[A] patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims,” *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024) (quoting *Bot M8*, 4 F.4th at 1346), and “the Court may dismiss a complaint prior to claim construction when the complaint rests on an implausible claim construction,” *AK Meeting IP, LLC v. Epic Games, Inc.*, No. 1:23-cv-8214-GHW, 2025 WL 1865953, at *5 (S.D.N.Y. July 7, 2025) (quoting *ALD Soc., LLC v. Verkada, Inc.*, 654 F. Supp. 3d 972, 979 (N.D. Cal. 2023)); *see Realtime Tracker, Inc. v. RELX, Inc.*, 659 F. Supp. 3d 384, 401 (S.D.N.Y. 2023) (because plaintiff’s allegations did not support a claim for infringement “under any reasonable construction,…there is no need for the Court to undertake claim construction”) (quoting *DietGoal Innovations LLC v. Bravo Media LLC*, 33 F. Supp. 3d 271, 289–90 (S.D.N.Y. 2014), *aff’d*, 599 F. App’x 956 (Fed. Cir. 2015)).

*AK Meeting* is on point, and Plaintiff’s attempt to distinguish it falls flat. There, this Court dismissed the complaint with prejudice where the plaintiff’s claim chart treated one avatar as both the claimed “cursor” and the claimed “pointer,” which the patent required to be distinct and displayed simultaneously. 2025 WL 1865953, at *6. The FAC commits the same error by conflating the patent’s “handheld device” with the “controller.” And Plaintiff’s own point that construction is unnecessary where the dispute concerns “the proper application of a claim term,” Opp. at 8, supports dismissal. The Court need not formally construe any term to find that the FAC’s claim chart applies the “controller” element to a mobile device running a software

application to emit commands based on sorter scans—the very device that the ’367 Patent uniformly treats as the distinct “handheld device” element.

Finally, Plaintiff’s cited cases do not support denial of the Motion. *Nalco* is distinguishable because Ship Hero’s Motion does not advance “classic *Markman* arguments.” *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018). The Court need not construe the term “controller” to conclude that the mobile iOS device identified in the FAC’s claim chart cannot plausibly be the claimed “controller.” Regardless, the Federal Circuit has cautioned against reading *Nalco* to prohibit resolution of claim construction issues at the motion-to-dismiss stage, explaining that *Nalco* “should not be read as stating a categorical rule against a district court’s adoption of a claim construction in adjudicating a motion to dismiss.” *UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 992 (Fed. Cir. 2024). The Federal Circuit reasoned that “[t]he passages [in *Nalco*] do not in terms state such a rule. They are readily understood to be drawing a conclusion about the need for further proceedings to resolve the particular claim-construction issues in that case before a sound determination of the appropriateness of dismissal could be reached. *Nalco* should be read in that case-specific way.” *Id.* at 992-93. Here, the Court need not conduct further claim construction proceedings to conclude that the claimed “controller” does not encompass a handheld or mobile device running a mobile software application to emit commands based on sorter scans. *See id.* at 994 (“Some case-specific circumstances can make it improper for a district court to resolve a claim construction dispute in the context of adjudicating a Rule 12(b)(6) motion, but sometimes a claim’s meaning may be so clear on the only point that is ultimately material to deciding the dismissal motion that no additional process is needed.”).

*AlexSam* does not help Plaintiff, because the infringement allegations here are “directly contradicted by documents incorporated” in the FAC, namely the ’367 Patent itself. *See* 119

F.4th at 44. And *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018), addressed fair notice, not a complaint that pleads the plaintiff out of court by alleging "too much rather than too little," *Bot M8*, 4 F.4th at 1354. The detail of Plaintiff's claim chart is the problem, not the solution: it specifically identifies a device that cannot be the claimed controller.

## IV. GENERIC "E.G." AND "COMPRISING" LANGUAGE DOES NOT JUSTIFY COLLAPSING TWO SEPARATELY RECITED CLAIM ELEMENTS INTO ONE.

Plaintiff spends much of its Opposition rebutting an argument Ship Hero does not make: that the specification limits the "controller" to a Windows PC. Opp. at 6–7. As its Motion makes clear, Ship Hero does not seek to confine the controller to a specific preferred embodiment, and it does not depend on lexicography or disavowal. *See* Mot. at 5-8. *Thorner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1366–67 (Fed. Cir. 2012), and *Cont'l Circuits LLC v. Intel Corp.*, 915 F.3d 788, 797–98 (Fed. Cir. 2019), are therefore beside the point, as is the specification's statement that its embodiments are "illustrative" and that no element is "critical or essential," Opp. at 6–7. Ship Hero asks only that the Court apply the clear distinction the patent draws between the "controller" and the "handheld device" elements.

The specification matters because it consistently treats the controller and the handheld device as two distinct devices. For example, the specification:

- lists the "four hardware devices" of the system as the sorter light box, shipper light box, hub, "and controller 20," not the mobile or handheld device. '367 Patent at 6:38–41;
- describes hub software running "on the controller 20" and mobile application software running "on a handheld or mobile device MD." *Id.* at 6:34–38;
- describes the controller as receiving "sorter scans from a handheld or mobile

device MD coupled thereto." *Id.* at 6:19–22; and

- identifies "tablet computers, such as iPads" as mobile devices, not controllers, *id.* at 4:35–39—a point the Opposition ignores.

Not a single description or embodiment in the specification supports applying the "controller" element to a handheld or mobile device that runs a mobile software application to emit commands based on sorter scans.

The passages Plaintiff cites confirm this distinction. That FIGS. 4A-4C illustrate "examples of the graphical user interface (GUI) of the various software that runs on the controller 20 and/or the mobile device MD," *id.* at Col. 6:43–44, reinforces that the controller and the mobile device are distinct. And the specification further clarifies that each device runs *different* software applications. Specifically, it explains that FIGS. 4A-4C illustrate "examples of the graphical user interface (GUI) of the mobile application software that runs on a mobile device," while FIGS. 4D-4E "illustrate examples of a GUI of the Hub web application." *Id.* at Col. 3:19-25. Elsewhere, the specification makes clear that the Hub software or web application runs on the controller. *Id.* at Col. 6:34-38 (describing "the hub software (e.g. web application) that is run on the controller 20" and "a mobile application software that is run on a handheld or mobile device MD").

Moreover, the patent's statement that a "component" is "broadly construed," Opp. at 7, is beside the point. Claim 1 does not use the term "component," and the fact that a component may combine hardware and software elements says nothing about whether the handheld device may double as the controller. Nor does "comprising" help Plaintiff's position. An open claim "does not exclude additional, unrecited elements," *CollegeNet, Inc. v. ApplyYourself, Inc.*, 418 F.3d 1225, 1235 (Fed. Cir. 2005). Thus, a user's system may include both a controller and a separate

mobile iOS device (iPad or iPhone) running a mobile software application. But "comprising" does not relieve Plaintiff of its obligation to plausibly identify a controller that is distinct from the separately claimed handheld device.

## V. PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS FAIL FOR LACK OF A PLAUSIBLE DIRECT INFRINGER.

"[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) (citation omitted). The fatal defect in Plaintiff's indirect infringement theory is the absence of any plausibly infringing system: Ship Hero's accused system indisputably lacks the claimed controller, FAC ¶ 11, and the identified third-party mobile device cannot be the claimed controller. The allegation that Ship Hero instructs users to install "hardware that acts as the controller," FAC ¶ 10, merely parrots the claim element. Without a plausible act of direct infringement by Pick-to-Light product users, Plaintiff's allegations of specific intent, instructional videos, and the absence of substantial non-infringing uses, Opp. at 9, are beside the point. The indirect infringement claims therefore fail in their entirety, both pre- and post-suit. *AK Meeting*, 2025 WL 1865953, at *7.

## VI. THE MAY 20, 2025, LETTER DID NOT PROVIDE NOTICE OF INFRINGEMENT.

Plaintiff's argument that its Complaint supplies knowledge for post-filing conduct, Opp. at 9–10, does not respond to Ship Hero's challenge to the pre-suit claims. Mot. at 11–13. As to pre-suit notice, the FAC alleges only that the letter "notified Defendant of the existence of the '367 Patent." FAC ¶ 14. The letter itself confirms as much. It lists three applications and two patents, states that the "portfolio can be of value to Ship Hero," and invites "licensing discussions." FAC, Ex. D at 2–3. It identifies no claim, never mentions Pick-to-Light (the only accused product), and charges no infringement. Knowledge of a patent "and nothing more" does

not suffice. *Railware, Inc. v. Nat'l R.R. Passenger Corp.*, No. 22 Civ. 5013 (KPF), 2023 WL 5432860, at *12 (S.D.N.Y. Aug. 23, 2023); *Richardson v. Adobe, Inc.*, No. 22 Civ. 7114 (PGG), 2024 WL 4135347, at *16 (S.D.N.Y. Sept. 10, 2024) (knowledge of a "patent portfolio" is "not enough") (quoting *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022)).

Plaintiff's authorities involved pre-suit accusations of infringement. *Railware* contrasted letters "describing alleged infringement." 2023 WL 5432860, at *12. *Signify North America Corp. v. Axis Lighting Inc.* sustained willfulness only as of the delivery of a draft complaint. No. 19cv5516 (DLC), 2020 WL 2079844, at *1–2 (S.D.N.Y. Apr. 30, 2020). *Carson Optical Inc. v. eBay Inc.* rested on notices reporting infringing listings and willful blindness. 202 F. Supp. 3d 247, 255–59 (E.D.N.Y. 2016). Plaintiff's description of the letter as "describing the alleged infringement," Opp. at 10, cannot be squared with the letter itself. And Plaintiff does not defend its reliance on the 2022 LinkedIn messages, which predate the patent's issuance. *See* Mot. at 12–13. Plaintiff's pre-suit indirect and willful infringement claims thus fail as a matter of law.

## VII. DISMISSAL SHOULD BE WITH PREJUDICE BECAUSE THE FUNDAMENTAL DEFECT CANNOT BE CURED.

Amendment is futile where the claim "could not withstand a motion to dismiss." *Garay v. Novartis Pharms. Corp.*, 576 F. App'x 24, 25 (2d Cir. 2014). No amended allegation can change the claims' recitation of a controller and a separate handheld device coupled to it. Tellingly, the Opposition identifies no fact it could add about the controller; its only proposed amendment concerns "the operative content of the May 20, 2025, notice letter," Opp. at 11, which is already attached to the FAC.

Plaintiff had notice of its pleading defects from Ship Hero's first pre-motion letter, the June 26, 2026, conference, and Ship Hero's first motion. Plaintiff already amended its Complaint in response to that motion. Indeed, the original Complaint expressly asserted infringement of

dependent Claims 5 and 12, while the FAC more vaguely asserts "at least claim 1" after Ship Hero's first motion. This retreat is not surprising considering the third-party mobile iOS device (iPhone or iPad) identified in the FAC's claim chart cannot be both the controller of Claim 1 and handheld device of Claims 5 and 12 . Despite having ample opportunities to do so, Plaintiff still has not articulated any infringement theory that plausibly identifies the claimed controller. Mot. at 2–3. Plaintiff's observation that pre-motion letters are not pleadings, Opp. at 11, misses the point. Those letters put Plaintiff on notice of the precise defect it then failed to cure. And the liberal amendment standard of *Foman* and *Loreley* does not require leave where, as here, amendment would be futile. Where an amended theory remains implausible because it contradicts the patent, the Court should deny further leave. *See AK Meeting*, 2025 WL 1865953, at *7; *Loyal-T Sys. LLC v. Am. Express Co.*, No. 24-cv-7506, 2026 WL 1949508, at *6, *8 (S.D.N.Y. July 6, 2026); *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1295 (Fed. Cir. 2024).

## VIII. CONCLUSION

For the foregoing reasons and those set forth in the Motion, the Court should dismiss the FAC with prejudice for failure to state a claim.

Dated: Dallas, Texas
November 6, 2026

**DLA PIPER LLP (US)**

By: /s/ *Matthew Ganas*

Matthew Ganas

1900 N. Pearl Street
Suite 2200
Dallas, TX 75201-2482
Telephone: 214.743.4500
matt.ganas@us.dlapiper.com

Erik R. Fuehrer
erik.fuehrer@us.dlapiper.com
3203 Hanover St., Suite 100
Palo Alto, CA 94304
Tel: 650.833.2045
Fax: 650.687.1243
Erik.fuehrer@us.dlapiper.com

*Attorneys for Defendant Ship Hero, LLC*

**Certificate of Compliance**

I hereby certify that on November 6, 2026, I electronically filed the foregoing Reply Memorandum of Law in Further Support of Ship Hero, LLC's Motion to Dismiss the First Amended Complaint. The memorandum has a word count of 3,120 words and complies with Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York.

/s/ *Matthew Ganas*
Matthew Ganas